ATTORNEYS FOR APPELLANT

Lonnie D. Johnson
Belinda R. Johnson-Hurtado
Bloomington, Indiana

ATTORNEY FOR APPELLEE

Shawn P. Ryan
South Bend, Indiana

_____

# In the
# Indiana Supreme Court



**FILED**
Mar 17 2015, 3:09 pm

CLERK
of the supreme court,
court of appeals and
tax court

_____

No. 71S04-1503-PL-132

THOMAS H. KRAMER, Member and Manager
of Domus Property Investments, LLC

            *Appellant (Plaintiff /
Counterclaim Defendant below),*

v.

MARK KRAMER,

            *Appellee (Defendant /
Counterclaim Plaintiff /
Third Party Plaintiff below),*

    and

DOMUS PROPERTY INVESTMENTS, LLC

            *Appellee (Third Party Defendant
below).*

_____

Appeal from the St. Joseph Circuit Court, Mishawaka Division,
No. 71C01-0510-PL-292
The Honorable Michael G. Gotsch, Judge
The Honorable Larry L. Ambler, Magistrate

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 71A04-1305-PL-261

_____

**March 17, 2015**

**Per Curiam.**

Brothers Mark and Thomas Kramer were 50/50 members in Domus Property Investments, LLC. Domus engaged in the business of buying, renovating, and leasing residential rental properties. The Domus operating agreement contained a noncompetition clause whereby each brother agreed not to engage in similar activities outside of their joint business. Thomas brought this action alleging, among other things, that Mark breached the agreement by independently purchasing three properties. Mark answered and asserted several counterclaims.

After a bench trial, the trial court determined Mark committed certain breaches of the agreement, and awarded Thomas damages in the amount of $33,043.49 plus prejudgment interest. Thomas appealed, contending in part the trial court erred because it did not explicitly find a separate breach for each of the three property purchases. Thomas also contended the trial court did not award him enough damages. The Court of Appeals affirmed in part, reversed in part, and remanded to the trial court with instructions "to find Mark in breach of the Operating Agreement's noncompetition clause as to all three of [t]he [p]roperties and to award [Thomas] $333,156 in damages therefor." Kramer v. Kramer, No. 71A04-1305-PL-261, slip op. at 21 (Ind. Ct. App. May 30, 2014), *reh'g denied*. Mark seeks transfer, contending the Court of Appeals improperly determined damages.

We grant transfer, and now summarily affirm the Court of Appeals' conclusion that Mark breached the noncompetition agreement with respect to all three properties. *See* Ind. Appellate Rule 58(A)(2). We remand to the trial court with instructions to determine damages.

All Justices concur.