## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 03 2016, 8:36 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Shawn P. Ryan
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Lonnie D. Johnson
Belinda R. Johnson-Hurtado
Clendening Johnson &
Bohrer, P.C.
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark Kramer, <br> *Appellant-Defendant,* <br><br> v. <br><br> Thomas Kramer, <br> *Appellee-Plaintiff* | March 3, 2016 <br><br> Court of Appeals Case No. 71A03-1507-PL-862 <br><br> Appeal from the St. Joseph Circuit Court <br><br> The Honorable Michael G. Gotsch, Judge <br> The Honorable Larry L. Ambler, Magistrate <br><br> Trial Court Cause No. 71C01-0510-PL-292 |

**Baker, Judge.**

[1]    Brothers Mark and Thomas Kramer owned a business together. Thomas filed a lawsuit alleging that Mark had committed multiple breaches of their operating agreement. Following a bench trial, the trial court determined that Mark had committed certain breaches and awarded Thomas $33,043.49 plus prejudgment interest. Thomas appealed, and this Court affirmed in part, reversed in part, and remanded to the trial court with instructions "to find Mark in breach of the . . . noncompetition clause as to all three of [t]he [p]roperties and to award [Thomas] $333,156 in damages therefor." *Kramer v. Kramer*, No. 71A04-1305-PL-261, slip op. at 21 (Ind. Ct. App. May 30, 2014), *reh'g denied*.

[2]    On July 2, 2014, following a hearing, the trial court recalculated the damages and awarded Thomas damages in the amount of $372,799.83. On September 17, 2014, Mark filed a petition for transfer.[1] Mark neglected to inform our Supreme Court that the trial court had already recalculated the damages award. On March 17, 2015, our Supreme Court granted transfer, "summarily affirm[ed] the Court of Appeals' conclusion that Mark breached the noncompetition agreement with respect to all three properties," and "remand[ed] to the trial court with instructions to determine damages." *Kramer v. Kramer*, 27 N.E.3d 270, 270 (Ind. 2015).

[3]    On May 22, 2015, Mark filed a motion asking that the trial court redetermine damages anew in light of our Supreme Court's opinion. Following a hearing

---

[1] Mark sought rehearing from this Court, and his petition for rehearing was denied on July 31, 2014.

held on June 8, 2015, the trial court determined that the amount of damages awarded in July 2014 was still accurate in light of our Supreme Court's opinion. Mark now appeals.

[4] Mark contends that the trial court improperly awarded damages pursuant to this Court's opinion, which has since been vacated by our Supreme Court's opinion in *Kramer*. To the contrary, what the trial court did, following this Court's opinion, was to redetermine—based upon evidence admitted at trial—the amount of damages due to Thomas based upon Mark's breaches. That it did so before our Supreme Court directed it to do so does not warrant yet another redetermination. It certainly does not, as Thomas insists, mean that the trial court's initial damages determination of $33,000 is magically resurrected. As the trial court stated, "I don't think there's going to be any difference between what I did on July 2, 2014 and what I would do after the Supreme Court [opinion]. I can only assume that the Supreme Court had no idea that we already did what they wanted us to do." Tr. p. 12. We agree, and affirm.

[5] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.